NO. 07-10-00423-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2011

RAMONE COLEMAN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY;

NO. 1163456; HONORABLE BRENT A CARR, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Ramone Coleman, filed a notice of appeal from his conviction for driving while intoxicated, and sentence of 240 days incarceration in the Tarrant County Jail and $600 fine. The sentence was suspended and appellant was placed on community supervision for a period of two years. The appellate court clerk received and filed the trial court clerk's record on November 4, 2010. The trial court reporter's record was received on November 15. On December 6, this Court received a motion to withdraw from appellant's retained trial counsel. This motion was granted by order dated January 3, 2011. By letter dated January 4, the Court notified appellant that his

appellate brief had been due on or before December 15, 2010, and that, pursuant to Texas Rule of Appellate Procedure 38.8, failure to file his brief by January 14, may result in the appeal being abated and remanded without further notice. As of the date of this order, appellant has failed to file his brief or a motion for extension of time to file his brief.

Accordingly, we now abate this appeal and remand the cause to the trial court. See TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent and whether appellant desires that counsel be appointed to represent him on the appeal; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court appoints counsel for appellant or if appellant retains counsel, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the

2

supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. <u>See</u> TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than February 21, 2011.

Per Curiam

Do not publish.

3